IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

v.

**CESAR BARRAZA-MACIAS,**

Defendant.

No. 3:12-cr-00392-MO-4

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendant Cesar Barraza-Macias's Motion to Reduce Sentence [ECF 1274]. Specifically, Mr. Barraza-Macias moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence [ECF 1274] at 1. In a minute order, I DENIED Mr. Barraza-Macias's motion. [ECF 1285]. I write further here to explain why.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing

1 – OPINION AND ORDER

Commission." 18 U.S.C. § 3582(c)(1)(A).[1] A defendant must exhaust administrative remedies before moving the court for compassionate release. *Id.* The Government concedes that Mr. Barraza-Macias has exhausted his administrative remedies. Gov't Resp. [ECF 1280] at 2.

Mr. Barraza-Macias argues that he is an appropriate candidate for compassionate release because he suffers from obesity, increasing his risk of serious illness or death from COVID-19. Mot. to Reduce Sentence [ECF 1274] at 1, 7–9. Over a year ago, Mr. Barraza-Macias tested positive for COVID-19, and he "continues to experience symptoms related to his prior COVID-19 infection." *Id.* at 2. Mr. Barraza-Macias notes "the uncertainty surrounding the lingering effects of COVID-19 and the risk of reinfection" and argues that his "past infection does not remove him from the risk of severe illness." *Id.*; *see also id.* at 10–15. He also notes that he has served half his sentence, has performed well while in prison, and has extensive community support. *Id.* at 2, 15–17.

The Government argues that Mr. Barraza-Macias has not established that an extraordinary and compelling reason warrants a sentence reduction. Gov't Resp. [ECF 1280] at 2–4. The Government provides evidence that Mr. Barraza-Macias was offered the Moderna COVID-19 vaccination but refused it. Gov't Ex. 1 [ECF 1286] at 17, 22.[2] The Government also provides evidence that Mr. Barraza-Macias has received ongoing medical treatment for his symptoms related to his encounter with the virus. *Id.* at 1–3, 7, 24. Additionally, the Government

---

[1] At this time, however, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

[2] Mr. Barraza-Macias claims that he was sick on the day he was offered the vaccine and declined to receive it on the advice of medical staff. Reply [ECF 1284] at 1–2. He does not suggest that he will never have another opportunity to receive the vaccine.

2 – OPINION AND ORDER

argues that under the § 3553(a) factors, compassionate release is inappropriate. Gov't Resp. [ECF 1280] at 4–5.

Considering the totality of the briefing and evidence before me, I agree with the Government's position and find that no extraordinary or compelling reason warrants a reduction in Mr. Barraza-Macias's sentence. Mr. Barraza-Macias's argument in favor of release is significantly undercut by the fact that he was offered and refused a vaccine that has so far proven to be highly effective at preventing severe illness and death. *See When You've Been Fully Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last updated May 16, 2021) ("COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death."). Separately, Mr. Barraza-Macias does not currently face an inordinate risk of contracting the virus for the second time. According to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). Mr. Barraza-Macias is incarcerated at FCI Loretto, which is currently reporting only five active COVID-19 cases among inmates. *COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated May 18, 2021) (click "Full breakdown and additional details . . ." under "COVID-19 Cases"). And over 350 inmates at the institution have been vaccinated. *Id.* (click "Learn more about vaccinations and view individual facility stats" under "COVID-19 Vaccine Implementation"). Accordingly, I find that relief under 18 U.S.C. § 3582(c)(1)(A)(i) is inappropriate.

//

//

//

3 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I DENY Mr. Barraza-Macias's Motion to Reduce Sentence [ECF 1274].

IT IS SO ORDERED.

DATED this 19th day of May, 2021.

MICHAEL W. MOSMAN
United States District Judge